**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

EVELYN MUSE                                    CIVIL ACTION

VERSUS                                         NUMBER:   2:11-cv-01481

LOWE'S HOME CENTERS, INC.                      SECTION:   "B"

### ORDER AND REASONS

Before the Court is Plaintiff Evelyn Muse's ("Plaintiff") Motion to Remand (Rec. Doc. No. 8) seeking remand of this action to the Civil District Court for the Parish of Orleans. Accordingly, and for the reasons articulated below,

**IT IS ORDERED** that Plaintiff's Motion to Remand is **DENIED**.[1]

### PROCEDURAL HISTORY

The instant action stems from an alleged trip and fall accident which purportedly occurred in the parking lot of one of Lowe's Home Center, Inc.'s ("Defendant") retail facilities located in Orleans Parish on or about March 5, 2010. (Rec. Doc. No. 10 at 1). Plaintiff claimed that she was injured when her pant leg was caught in a piece of steel, which caused her to fall to the ground. (Rec. Doc. No. 8-2 at 1). The injuries alleged include a fractured wrist and a torn rotator cuff in Plaintiff's right shoulder. *Id.*

After her injury, Plaintiff visited Dr. Vaclav Hamsa, an orthopaedic surgeon in Metairie, LA, for treatment. On October 27, 2010, Dr. Hamsa recommended that Plaintiff undergo a trigger finger

---

[1] We are grateful for the work on this case by Elizabeth Etherton, a Tulane Law School extern with our chambers.

release surgery and rotator cuff repair. (Rec. Doc. No. 8-3). Rather than perform the surgery himself, Dr. Hamsa recommended that the Plaintiff go to another surgeon--a Dr. M. O'Brien at Tulane University--for the recommended procedures. *Id.* Ultimately, Plaintiff sought out Dr. David Wyatt, a different orthopaedic surgeon, for the recommended surgeries. (Rec. Doc. No. 8-2 at 2).

Plaintiff's original Petition for Damages was filed with the Civil District Court for the Parish of Orleans on February 22, 2011. (Rec. Doc. No. 8-2 at 2). Plaintiff alleged that, as a result of the accident and the negligence of the Defendant, she suffered "severe and disabling injuries." (Rec. Doc. No. 1-1 at 1-2). The Petition was silent as to the amount of damages sought. *Id.* Defendant filed its answer on March 22, 2011; additionally, Defendant served Plaintiff with Interrogatories and a Request for Production of Documents at that time. *Id.* Plaintiff responded to Defendant's request with answered interrogatories and medical records on April 28, 2011.(Rec. Doc. No. 8 at 2). The medical records forwarded included Dr. Hamsa's October 2010 report and reflected his recommendation for surgery. (Rec. Doc. No. 8-2 at 2). However, these records contained no projected cost for her surgery. (Rec. Doc. No. 8-3). On May 27, 2011, Defendant received Dr. Wyatt's surgical recommendation and estimate of surgical costs, which totaled over $29,000. (Rec. Doc. No. 10 at 2). The projected surgical costs, combined with Plaintiff's request for "past and

future wage loss, past and future medical costs, as well as hedonic and general damages" was sufficient to meet the jurisdictional minimum for removal. (Rec. Doc. No. 1 at 2).[2] In her deposition on June 9, 2011, Plaintiff testified that she had scheduled her surgery for July 8, 2011 with Dr. Wyatt. (Rec. Doc. No. 10-3). Defendant filed its Notice of Removal Rec. Doc. No. 10-1) with the Civil District Court on June 22, 2011.

Plaintiff filed the instant Motion to Remand with this Court on July 22, 2011. (Rec. Doc. No. 8).

<u>**CONTENTIONS OF MOVANT**</u>

Plaintiff asserted that when the discovery was exchanged and the medical records of the Plaintiff was provided to the Plaintiff on April 28, 2011, the defendant could have ascertained the potential value of the Plaintiff's claims. (Rec. Doc. No. 8). Since the projected value of the claim was enough to trigger federal jurisdiction, Plaintiff argued that the 30-day clock under 28 U.S.C. § 1446(b) should have started on that date and so ended on May 28, 2011. *Id*. Therefore, Plaintiff contended that Defendant's

---

[2] General damage awards for similar claimed injuries have been found sufficient to satisfy the jurisdictional requirement for removal. *See Corliss v. Baha Towers Ltd. P'ship,* 00-2011 (La. App. 4 Cir. 8/29/01), 799 So.2d 525; *Selico v. Intercontinental Bulktank Corp.*, 98-0763 (La. 9/24/99), 747 So.2d 1124. Defendant contended that based on general damage awards for similar injuries, the medical expenses incurred to date and the projected cost of the upcoming surgeries, the amount in controversy exceeded the jurisdictional limit for 28 U.S.C. § 1332 removal. (Rec. Doc. No. 1 at 3). Plaintiff did not refute the projected damage amount in their Motion for Remand. (Rec. Doc. No. 8).

Notice of Removal, filed with this court on June 22, 2011, was untimely. *Id.*

## CONTENTIONS OF RESPONDENT

Defendant claimed that Plaintiff's discovery responses were insufficient to put them on notice that the amount in controversy was enough to invoke federal diversity jurisdiction. (Rec. Doc. No. 10 at 2). Specifically, Defendant argued that Dr. Hamsa's referral of the Plaintiff for a surgical consult was not "unequivocally clear" evidence that the case was removable. *Id.* Since the discovery responses could not trigger § 1446(b) removal, Defendant asserted that their removal, triggered by either the receipt of Dr. Wyatt's recommendations (May 27, 2011) or the Plaintiff's deposition (June 9, 2011), was timely. *Id.* at 2.

## LAW AND ANALYSIS

### I. Standard of Review

Federal diversity jurisdiction exists when there is complete diversity of the parties to the action, no defendant is a citizen of the forum state and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. In the instant case, it is undisputed that the threshold for federal jurisdiction has been met. (Rec. Doc. No. 10 at 3). Therefore, the only issue before this court is whether or not Defendant's Notice of Removal was timely under 28 U.S.C. § 1446.

28 U.S.C. § 1446(b) provides a two-step test for determining

4

whether a defendant timely removed a case. The first paragraph provides that if the case stated by the initial pleading is removable, then notice of removal must be filed within 30 days from the receipt of the initial pleading by the defendant. 28 U.S.C. § 1446(b). The second paragraph provides that, if the case stated by the initial pleading is not removable, then notice of removal must be filed within 30 days from the receipt of an amended pleading, motion, order or other paper from which it can first be ascertained that the case can be removed. *Id.* The removing party bears the burden of showing that federal jurisdiction exists. *Saunders v. Ryder*, 805 F. Supp 17, 18 (E.D. La. 1992). Doubts concerning removal are to be construed against removal and in favor of remand to the state court. *Manguno v. Prudential Property and Casualty Insurance Co.,* 276 F.3d 720, 723 (5th Cir. 2002).

Under Louisiana law, a plaintiff is not required to plead with certainty a request for monetary damages.[3] La.Code Civ. Pro. art. 893. Therefore, in this instance, federal jurisdiction can only be determined by an amended pleading alleging specific damages, a motion, an order from the court or an "other paper."

## III. "Other paper" requirement under 28 U.S.C. § 1446(b)

---

[3] The relevant part of the statute requires that "[n]o specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended or incidental demand. La. Code Civ. Pro. art. 893(A)(1).

Plaintiff's primary contention was that her Response to Defendant's Interrogatories and Request for Production of Documents (Rec. Doc. No. 8-4) was sufficient to trigger the "other paper" requirement to start the 30 day requirement for removal. (Rec. Doc. No. 8). Defendant countered that Plaintiff's discovery responses were insufficient to qualify as "other paper" because it was not ascertainable from these responses that the claims met the minimum amount in controversy required for diversity jurisdiction. (Rec. Doc. No. 10 at 2).

In this Circuit, removal based upon the "other paper" standard requires a voluntary act of the plaintiff that provides information which is "unequivocally clear and certain" to start the time limit for filing a notice of removal under 28 U.S.C. § 1446(b). *Bosky v. Kroger Texas*, 288 F.3d 208, 211 (5th Cir. 2002); *Addo v. Globe Life and Accident Insurance Company,* 230 F.3d 759, 762 (5th Cir. 2000); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996).

In *Russell v. Home State County Mutual Insurance, Co.*, 2003 WL 22697179 (E.D.La. 11/10/2003), this court concluded that a "medical report supplied by the plaintiff is essentially a narrative of plaintiff's physical complaints and recent treatment." 2003 WL 22697179 at *3. Since it merely provided an invoice for an amount lower than the amount in controversy and the conclusions of a doctor that he needed more information before he would recommend

further treatment, Judge Fallon held that the report "neither clearly nor certainly establishes jurisdictional amount." *Id.* He then denied the plaintiff's Motion to Remand and kept the case in federal court. *Id.* at *4.

The Interrogatories and Responses to the document request in the instant case are analogous to the medical report in *Russell*. In her Answers, Plaintiff supplied the names of several physicians that would be able to serve as medical expert witnesses at trial, her primary physician's recommendation for surgery and medical expenses that totaled $8,152.44. (Rec. Doc. No. 8-4). It is settled law that it is "unduly burdensome" to require defendants to guess whether a plaintiff is alleging the appropriate amount in controversy for removal when a plaintiff "has not plead a discrete damage amount or when 'other paper' shows an amount of actual damages far below the jurisdictional limit." *Ford v. Shoney's Restaurants, Inc.*, 900 F. Supp. 57, 59 (E.D. Tex. 1995). Thus, Plaintiff's initial pleading and the April responses were insufficient to trigger the removal clock since neither included a clear and convincing assertion that the minimum amount for removal was met.

Defendant correctly argued that the "other paper" requirement could be met by either Dr. Wyatt's surgical recommendation, forwarded to the Defendant on May 27, 2011, or the Plaintiff's Deposition of June 9, 2011. Defendant asserted that since the

"projected cost of the surgery, and thereby the basis for removal, did not exist until Dr. Wyatt created those records," his surgical recommendation was the first time that the jurisdictional minimum could easily be ascertained. (Rec. Doc. No. 10 at 5).[4] Plaintiff's required "voluntary act" was forwarding Dr. Wyatt's surgical recommendation and projected costs to the Defendant.

Further, Defendant argued that "even after the transmission of Dr. Wyatt's records, it remained unclear whether Plaintiff would submit to the surgery," until she testified that she was going to have her surgery on July 8, 2011. (Rec. Doc. No. 10-3). In *S.W.S. Erectors v. Infax*, 72 F.3d 489 (5th Cir. 1996), the Fifth Circuit "implicitly recognized that a plaintiff's deposition served as a voluntary act for purposed [sic] of removal." 72 F.3d at 494. Therefore, Plaintiff's June 9 deposition also qualified as "other paper" for removal purposes.

## III. Timeliness of Removal under 28 U.S.C. § 1446(b)

Under 28 U.S.C. § 1446(b), a notice of removal is timely if it is filed within 30 days of receipt of "other paper." In the instant case, the relevant dates are when the Defendant received either the

---

[4] In his surgery estimate, Dr. Wyatt outlined the cost of Plaintiff's two surgeries. (Rec. Doc. No. 10-5). The "Right Long and Ring Finger Trigger Release" surgery was projected to cost $8,800.00. *Id.* The "Right Shoulder Scope R.C. Repair" was projected to cost $19,570.00. *Id.* Together, the two surgeries were projected to cost $28,450.

8

copy of Dr. Wyatt's report (May 27, 2011) or the Plaintiff's deposition (June 9, 2011). (Rec. Doc. No. 10 at 2). Since the Notice for Removal was filed with this court on June 22, 2011 (Rec. Doc. No. 1), removal was timely using either Dr. Wyatt's report or the Deposition as the start date of the removal period.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion to Remand is **DENIED**.

New Orleans, Louisiana, this 21st day of October, 2011.

UNITED STATES DISTRICT JUDGE